[Civ. No. 9338. First Appellate District, Division Two.—April 24, 1934.]

MARIE FERAUD, Respondent, v. ANAHEIM INVEST-MENT COMPANY (a Corporation) et al., Defendants; EDWIN A. MESERVE et al., Appellants.

Meserve, Mumper, Hughes & Robertson and Timon E. Owens for Appellants.

Willcox & Judson, Hill, Morgan & Bledsoe, Benjamin F. Bledsoe and Charles P. McCarthy for Respondent.

SPENCE, J.—This is an appeal by certain defendants from a judgment in favor of plaintiff in an action to foreclose a mortgage.

In September, 1924, defendant Anaheim Investment Company and others executed a promissory note in favor of plaintiff, which note was secured by a mortgage on certain real property. The plaintiff herself owned a life estate in said property. The note was an unusual one, reading in part as follows: "For Value Received, the undersigned, jointly and severally promise to pay to Marie Feraud, at 2289 Cambridge Street, Los Angeles, California, the sum of Twelve Hundred ($1200.00) Dollars per annum for and during the period of her natural life, said sum to be paid in monthly installments of One Hundred ($100.00) Dollars each, commencing on the first day of October, 1924. . . . This obligation is secured by a mortgage of even date herewith, and if any of said installments shall not be paid when due, then the whole sum due and to become due under this obligation, computed according to the American experience table of mortality, shall after ten days written notice of such default, given to the Anaheim Investment Company

by registered mail addressed to said Company at Anaheim, California, become immediately due and payable at the option of said Marie Feraud.'' The mortgage which was given as security for the note was recorded on September 17, 1924. A copy of said note was set forth therein.

In 1929 the mortgagors executed a second mortgage on said premises in favor of defendants Meserve & Meserve for the purpose of securing an obligation to said last-named mortgagees. Said second mortgage was duly recorded and was subsequently assigned, together with the obligation secured thereby to defendant Edwin A. Meserve. Following the description of the real property in said second mortgage is found the provision ''Subject to the rights of Marie Feraud therein.''

In 1930 and 1931 the mortgagors defaulted in the payment of certain installments due upon plaintiff's note, which delinquent installments totaled $700. Plaintiff served written notice of default as required stating therein that unless said payments were made within ten days, she would exercise her option and declare the whole sum due as provided in said note. No payments were made and plaintiff immediately commenced this action. The trial was brief as there was no dispute regarding the material facts. It appears that plaintiff was born on March 1, 1882, and that her expectancy was twenty-one years, seven and one-half months, when computed according to the American experience table of mortality. The trial court found that the total amount due to plaintiff was the sum of $26,700, being the amount due for twenty-one years and eight months after the action was brought, together with the $700 which had become delinquent prior to the commencement of the action. Judgment was entered in favor of plaintiff whereby it was adjudged that said sum was owing and unpaid to plaintiff on said note, that the mortgage given to plaintiff to secure said obligation was a first lien upon the remainder interest of the mortgagors and that the claims of the defendants, including appellants herein, were subsequent and subject to said mortgage held by respondent.

Appellants raise several points in attacking said judgment and conclude that the mortgage now owned by appellant Edwin A. Meserve should be held to be prior in right to the mortgage which respondent sought to foreclose. We

have examined appellants' briefs with care, but find no merit in any of the points raised.

It is first contended that the words "Subject to the rights of Marie Feraud therein," which words are found in the mortgage under which appellants make their claim, do not refer to respondent's rights under her mortgage, but only to respondent's rights in the property as life tenant. We need not pause to discuss this contention, for even if these words had been omitted from appellants' mortgage, respondent's mortgage would still have been prior in right. It is conceded that respondent's mortgage was duly recorded approximately five years prior to the time that appellants' mortgage was executed and therefore appellants were charged with constructive notice thereof. We may add that it is not even suggested that appellants did not have actual knowledge of the existence of respondent's mortgage and the terms of the obligation secured thereby.

Several further points are argued at length under separate headings in appellants' briefs. These points deal with the questions raised in appellants' "Statement of questions involved," which precedes the brief proper. The gist of appellants' claims is found in said statement. Appellants there state the facts and then continue as follows: "The ultimate question is, after the exercise by the mortgagee of her option, is the mortgage first in time prior in right to the mortgage second in time? This question involves the question, is the amount due according to the American experience table of mortality a penalty; and the question, is the law of optional advances applicable to such a case?" In other words, appellants claim first, that the provisions of respondent's note giving respondent the option to declare due the total amount which would become payable according to the American experience table of mortality were provisions for a penalty and therefore void; and second, that there is an analogy between respondent's position in exercising said option after actual knowledge of the subsequent mortgage and the position of a mortgagee making optional advances after actual knowledge of a subsequent mortgage. It is therefore urged that the law applicable to optional advances should be applied in the instant case. In our opinion neither of said claims may be sus-

tained. Appellants cite no authority in point and we know of no authority supporting appellants' views.

While respondent's note was unusual in its terms, it contained no provision such as is denounced by the law as a penalty. Obviously, the primary purpose of the note and mortgage was to secure to respondent a return of $100 per month during her entire lifetime. The total amount which the promisors would be compelled to pay in monthly installments thereunder was wholly uncertain because of the uncertainty of the duration of respondent's life. It was probable that respondent would live for either a longer or shorter period than the average person of her age and it was therefore entirely reasonable and proper for the parties to provide a means of making certain the total obligation of the promisors in the event of default in the payment of the monthly installments. If such provision had not been made, the difficulty which would have been encountered in enforcing the recurring monthly payments is apparent. There was nothing unreasonable, unlawful or against public policy in the provisions of the note whereby the parties agreed to adopt the American experience table of mortality as the means of making certain the total obligation of the promisors in the event of default.

Appellants' effort to establish an analogy between respondent's position and the position of a mortgagee making optional advances necessarily fails. No further or optional advances were made by respondent after her mortgage was executed. She merely exercised her right arising upon default in the monthly payments to change the obligation of the promisors from an obligation to pay a fixed monthly sum for an indefinite period to an obligation to pay a fixed sum presently.

We believe that the provisions of respondent's note are somewhat analogous to the acceleration clauses frequently found in promissory notes. Appellants concede that if respondent's note had provided for the payment of a specified total sum payable in monthly installments of $100 per month until said total sum had been paid, then a clause providing for an option to declare the whole sum due on default in the payment of any of the installments would have been a valid acceleration clause. We find no such essential difference between such a note and the note in the

present case as would justify the conclusion that the provisions of the latter are void, while the provisions of the former are valid. Nor do we find any such essential difference as would justify the conclusion that in the one case the exercise of the option would not affect the priority of the mortgage while it would in the other.

■ Appellants also claim that the amount of $26,700, fixed by the judgment, is incorrectly computed. In this connection they first assert that in computing the amount due, fractional parts of a year should have been disregarded. We find no sound basis for such assertion. They further seem to take the position that respondent was entitled to recover only an amount equal to the value of an annuity of $1200 per year for a person forty-nine years of age. What this amount would be appears uncertain in the minds of the appellants as they make certain computations based upon the American experience table of mortality and upon varying rates of interest and arrive at different figures. We are of the opinion, however, that appellants' position is not in accord with, but is contrary to, the terms of the note in question.

■ Appellants further complain of the admission in evidence of a letter written by appellant Edwin A. Meserve on June 9, 1931. Said letter reads in part as follows: '' . . . Miss Phillips says that Max reports that Marie Feraud's age is now 49. That being true, her life expectancy according to the American mortality tables is 21½ years. Multiply this by 1200 and you have approximately $25,800 as the amount that you will now owe her for not having paid her $700 during this spring. . . . No good can come from seeing or talking with me about it. The facts are very simple and very plain. . . . If Marie Feraud should die tomorrow instead of the Anaheim Investment Company owing her estate $700.00, it would owe her the full $25,800.'' We find no error in the admission of said letter, but in any event the error, if any, could not have been prejudicial under the undisputed facts appearing in the record.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1934.